<u>NOT FOR PUBLICATION</u>

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| WILLIAM J. BRENNAN, | : |
| Plaintiff, | : Civil Action No. 01-3837 (JAG) |
| v. | : OPINION |
| EUGENE KULICK, et al., | : |
| Defendants. | : |

<u>**GREENAWAY, JR., U.S.D.J.**</u>

This matter comes before the Court on the motion for summary judgment, pursuant to FED. R. CIV. P. 56, by Defendants Eugene Kulick, Janice Sandri, Rick Ricciardelli, Terry Ryan, Christopher Parany, William Wilk, James Segreto, and the Township of Little Falls (collectively, "Defendants"). For the reasons set forth below, the motion will be granted.

<u>BACKGROUND</u>

In brief, this case arises in connection with a dispute between Plaintiff William J. Brennan ("Brennan") and the Township of Little Falls, New Jersey. Brennan alleges that Defendants, who include Township employees and members of the Township Committee, retaliated against him for his speech and political activities in several ways, including suspending him from his position as a volunteer firefighter with the Great Notch Fire Company in Little Falls without due process of law. On August 13, 2001, Plaintiff filed a four-count Complaint alleging: 1) ten different acts of retaliation against Plaintiff for his speech and political activity, violating 42 U.S.C. §§ 1983 and 1985, and the First, Fourth, and Fourteenth

Amendments to the Constitution; 2) conspiracy to obstruct justice; 3) intentional and negligent infliction of emotional distress; and 4) retaliation against Plaintiff in violation of N.J. Stat. Ann. § 34:19-2, the Conscientious Employee Protection Act ("CEPA").

As stated by the Third Circuit, "[t]his case has a long, tortured, and protracted procedural history." Brennan v. Kulick, 407 F.3d 603, 605 (3d Cir. 2005). For purposes of this motion, it is sufficient to note that Plaintiff voluntarily dismissed his emotional distress claims in November of 2005.

## LEGAL STANDARD

**I.     Summary Judgment**

Summary judgment is appropriate under FED. R. CIV. P. 56(c) when the moving party demonstrates that there is no genuine issue of material fact and the evidence establishes the moving party's entitlement to judgment as a matter of law. Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986). A factual dispute is genuine if a reasonable jury could return a verdict for the non-movant, and it is material if, under the substantive law, it would affect the outcome of the suit. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). "In considering a motion for summary judgment, a district court may not make credibility determinations or engage in any weighing of the evidence; instead, the non-moving party's evidence 'is to be believed and all justifiable inferences are to be drawn in his favor.'" Marino v. Indus. Crating Co., 358 F.3d 241, 247 (3d Cir. 2004) (quoting Anderson, 477 U.S. at 255).

"When the moving party has the burden of proof at trial, that party must show affirmatively the absence of a genuine issue of material fact: it must show that, on all the essential elements of its case on which it bears the burden of proof at trial, no reasonable jury

could find for the non-moving party." In re Bressman, 327 F.3d 229, 238 (3d Cir. 2003) (quoting United States v. Four Parcels of Real Property, 941 F.2d 1428, 1438 (11th Cir. 1991)). "[W]ith respect to an issue on which the nonmoving party bears the burden of proof . . . the burden on the moving party may be discharged by 'showing' – that is, pointing out to the district court – that there is an absence of evidence to support the nonmoving party's case." Celotex, 477 U.S. at 325.

Once the moving party has satisfied its initial burden, the party opposing the motion must establish that a genuine issue as to a material fact exists. Jersey Cent. Power & Light Co. v. Lacey Township, 772 F.2d 1103, 1109 (3d Cir. 1985). The party opposing the motion for summary judgment cannot rest on mere allegations and instead must present actual evidence that creates a genuine issue as to a material fact for trial. Anderson, 477 U.S. at 248; Siegel Transfer, Inc. v. Carrier Express, Inc., 54 F.3d 1125, 1130-31 (3d Cir. 1995). "[U]nsupported allegations . . . and pleadings are insufficient to repel summary judgment." Schoch v. First Fid. Bancorporation, 912 F.2d 654, 657 (3d Cir. 1990); see also FED. R. CIV. P. 56(e) (requiring nonmoving party to "set forth specific facts showing that there is a genuine issue for trial"). "A nonmoving party has created a genuine issue of material fact if it has provided sufficient evidence to allow a jury to find in its favor at trial." Gleason v. Norwest Mortg., Inc., 243 F.3d 130, 138 (3d Cir. 2001).

If the nonmoving party has failed "to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial, . . . there can be 'no genuine issue of material fact,' since a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts

immaterial." Katz v. Aetna Cas. & Sur. Co., 972 F.2d 53, 55 (3d Cir. 1992) (quoting Celotex, 477 U.S. at 322-23).

## DISCUSSION

**I.     Defendants' Motion for Summary Judgment**

    A.     Count One: The § 1983 Claims

        *1.     The § 1983/First Amendment Claim*

In the moving and opposition papers, the parties argue at length about Plaintiff's allegation that the Committee of the Township of Little Falls violated Plaintiff's First Amendment rights by abridging his right to speak at public meetings. The Complaint, however, makes no mention of these factual allegations. Since the briefing implies the consent of the parties to trial of an issue not raised in the pleadings, pursuant to FED. R. CIV. P. 15(b), this Court will address this issue as if it had been included in the Complaint. See FED. R. CIV. P. 15(b) ("When issues not raised by the pleadings are tried by express or implied consent of the parties, they shall be treated in all respects as if they had been raised in the pleadings.")

Defendants argue that Plaintiff's § 1983/First Amendment claim is barred by the statute of limitations. "The statute of limitations for a § 1983 claim is generally the applicable state-law period for personal-injury torts." City of Rancho Palos Verdes v. Abrams, 544 U.S. 113, 124 (2005). In this case, New Jersey's two-year statute of limitations for personal injuries would apply. N.J. Stat. Ann. § 2A:14-2; Cito v. Bridgewater Township Police Dep't, 892 F.2d 23, 25 (3d Cir. 1989).

In response, Plaintiff argues that, under the continuing violations doctrine, "the statute of limitations begins to run only with the conclusion of the pattern of harmful conduct." (Pl.'s Opp.

Br. § 2 B.[1]) Plaintiff has misunderstood and misstated the continuing violations doctrine. To begin with, the continuing violations doctrine is an equitable exception to the statute of limitations. West v. Philadelphia Elec. Co., 45 F.3d 744, 754 (3d Cir. 1995). Plaintiff thus has the burden of persuading this Court that justice requires the exercise of its equitable powers.[2] Plaintiff has not even attempted to do so. Moreover, to invoke the doctrine, Plaintiff must show that there has been a continuing violation. As Defendants observe, Plaintiff has offered evidence of Committee actions only through Spring of 1999. (White Dec. ¶ 18.) Plaintiff filed his Complaint on August 13, 2001, more than two years after the Spring of 1999. Because Plaintiff has offered no evidence that the alleged violations continued through two years prior to the date of filing, the continuing violations doctrine cannot benefit him.

Lastly, the Third Circuit has made clear that it is a "common-sense proposition that an applicable statute of limitations begins to run at the time the claim accrues, and that time-barred claims cannot be resurrected by being aggregated and labeled continuing violations." O'Connor v. City of Newark, 440 F.3d 125, 128-129 (3d Cir. 2006). Plaintiff here attempts to use a continuing violations theory to resurrect a time-barred claim in contravention of both this basic proposition and the statute of limitations.

Plaintiff's claim that Defendants abridged his right to speak at public Township Committee meetings is time-barred. Defendants have demonstrated that there is no genuine issue as to any material fact and that they are entitled to a judgment as a matter of law on this issue.

---

[1] Plaintiff's brief has no page numbers.

[2] The decision to grant an equitable remedy is a matter for the Court's sound discretion. General Instrument Corp. of Delaware v. Nu-Tek Electronics & Mfg., Inc., 197 F.3d 83, 90 (3d Cir. 1999).

5

Summary judgment will be granted in Defendant's favor on the § 1983/First Amendment claim.

       2.  *The § 1983/Fourteenth Amendment Claim*

In their motion for summary judgment, Defendants construe the Complaint to allege a claim for violation of the Fourteenth Amendment prohibition against deprivation of a property interest without due process of law, based on Plaintiff's alleged suspension from his volunteer position with the Great Notch Fire Company. Plaintiff's opposition brief confirms this interpretation of the Complaint.

Defendants contend that Plaintiff's claim for violation of his Fourteenth Amendment due process rights fails because Plaintiff's volunteer firefighter position does not constitute a property interest protected by the Fourteenth Amendment. Plaintiff argues in response that he had a protectible property interest in two benefits connected to the volunteer position: 1) a $300 per year clothing allowance; and 2) an annuity program, known as "LOSAP," which began in 2001.

Defendants contend that a volunteer firefighter position does not constitute a protectible property interest and point to Versarge v. Township of Clinton, 984 F.2d 1359, 1370 (3d Cir. 1993), for support. Yet, in Versarge, the Third Circuit did not refuse to consider that a volunteer firefighter might have a protectible property interest in his position. On the contrary, the Court was open to that possibility and rejected the firefighter's claim not because he was a volunteer, but based on an analysis of the economic value of the benefits associated with the volunteer position. (Id.) As in Versarge, economic analysis in the instant matter shows that the benefits associated with the volunteer position do not have sufficient value to qualify as a protectible property interest.

The $300 clothing allowance does not have sufficient value to constitute a protectible

6

property interest. In Versarge, the Third Circuit rejected the plaintiff's argument that he had a property interest in training and worker's compensation benefits, finding that they are only of value when volunteering as a firefighter. Id. Similarly, in the instant case, although the parties have not presented evidence of the underlying rationale for the $300 clothing allowance, this Court accepts Defendants' explanation that it is reimbursement for clothing used when volunteering as a firefighter. (Defs.' Reply Br. 10.) As in Versarge, this benefit "is inextricably tied to the position" of firefighter and has no economic value if one is not a firefighter. Id. Plaintiff does not have a protectible property interest in the clothing allowance.

Nor can the annuity program constitute a protectible property interest. There is a factual dispute here: Plaintiff maintains that he was suspended from his position in August of 2000, while Defendants contend that Plaintiff was never suspended from the position but stopped participating in the Fire Department of his own accord. This Court need not resolve this factual dispute to decide this issue, because Plaintiff was not deprived of a protectible interest in the annuity program under either scenario.

If, as Plaintiff contends, he was suspended in August of 2000, Plaintiff does not have a property interest in the annuity program, since it was not created until after he claims to have been suspended.[3] Plaintiff states that he was suspended in August of 2000. (Counter. Mat. Facts

---

[3] Plaintiff implies that he was entitled to the annuity as long as he was on the Fire Department membership roll, even though he was suspended and did not participate as a firefighter after the annuity program began in 2001. "To have a property interest in a benefit, a person clearly must have more than an abstract need or desire for it. He must have more than a unilateral expectation of it. He must, instead, have a legitimate claim of entitlement to it." Board of Regents v. Roth, 408 U.S. 564, 577 (1972).

The New Jersey LOSAP statute states that participants in the program are "active volunteer members." N.J. Stat. Ann. § 40A:14-186. The statute defines an "active volunteer

¶ 35.) Plaintiff states that the LOSAP program began on January 1, 2001. (Id. ¶ 41.) Plaintiff cannot claim a property interest in a benefit that did not exist at the time of his suspension. If, as Defendants contend, Plaintiff was never suspended but stopped participating of his own volition, he was not deprived of a property interest. Thus, either way, Plaintiff's claim of a protectible property interest in the annuity program must fail.

Defendants have demonstrated, and Plaintiff has failed to rebut, that Plaintiff's volunteer firefighter position does not constitute a property interest protected by the Fourteenth Amendment. Defendants have demonstrated that there is no genuine issue as to any material fact and that they are entitled to a judgment as a matter of law on this issue. Defendants' motion for summary judgment on Plaintiff's § 1983/Fourteenth Amendment claim is granted.

### 3. The § 1983/Fourth Amendment Claim

Defendants move for summary judgment on Plaintiff's § 1983/Fourth Amendment claim, asserting that Plaintiff has no evidence of any violation of his Fourth Amendment rights. In his response, Plaintiff does not oppose the motion, nor does he address any issues of Fourth Amendment rights. At no point, in fact, does Plaintiff explain the legal theory of the violation of his Fourth Amendment rights, or allege that he suffered an illegal search or seizure. It is possible that Plaintiff had intended to assert that, when Defendants allegedly conspired to subject him to an invasive physical examination, they conspired to violate his Fourth Amendment rights. Plaintiff does not claim, however, that he was ever subjected to that examination, and the

---

member" as one who is "faithfully and actually performing volunteer service in that organization." N.J. Stat. Ann. § 40A:14-184. There is no dispute that Plaintiff did not actually perform volunteer service in the Fire Department in 2001 or 2002. Thus, Plaintiff could not have a legitimate claim of entitlement to LOSAP benefits.

conspiracy claim will be addressed below. Defendants' motion for summary judgment on Plaintiff's § 1983/Fourth Amendment claim is granted.

### 4. The § 1983 conspiracy claim

Defendants move for summary judgment on Plaintiff's claim of conspiracy to violate his civil rights, pursuant to § 1983, again contending that Plaintiff has no evidence of any conspiracy. "In order to prevail on a conspiracy claim under § 1983, a plaintiff must prove that persons acting under color of state law conspired to deprive him of a federally protected right." Ridgewood Bd. of Educ. v. N.E. for M.E., 172 F.3d 238, 254 (3d Cir. 1999). Plaintiff's only effort to defeat summary judgment consists of arguing that "there was clearly a conspiracy by all the members of the board." (Pl.'s Opp. Br.) This is insufficient to survive the motion.

As discussed above, Plaintiff's claim of conspiracy to deprive him of his First Amendment rights is barred by the statute of limitations. Plaintiff's claim of conspiracy to deprive him of his Fourth Amendment rights fails because he has presented no evidence that anyone conspired to deprive him of his Fourth Amendment rights. Lastly, Plaintiff has offered only conclusory allegations that the Committee conspired to deprive him of due process of law. Significantly, the White Declaration provides no evidence of a Committee conspiracy to violate Plaintiff's due process rights, making a point of declaring no such knowledge. (White Dec. ¶ 25.) Defendants have demonstrated that there is no genuine issue as to any material fact and that they are entitled to a judgment as a matter of law on this issue. Defendant's motion for summary judgment on Plaintiff's § 1983/conspiracy claim is granted.

Because this Court has determined that Defendants are entitled to judgment as a matter of law on each of Plaintiff's claims pursuant to § 1983, it need not reach Defendants' additional

arguments regarding the § 1983 claims.

     5.    *Damage to reputation*

Defendants argue that Plaintiff's claim for damage to his reputation from the suspension must fail on a variety of grounds, one of which is the absence of evidence of damage. In a one-sentence response, Plaintiff does no more than repeat the allegation that his reputation was damaged. (Pl.'s Opp. Br.) Plaintiff has failed to point to actual evidence of damage to his reputation from the suspension, and so he has failed to defeat summary judgment. Defendants have demonstrated that there is no genuine issue as to any material fact and that they are entitled to a judgment as a matter of law on this issue. Defendants' motion for summary judgment on Plaintiff's claim of damage to his reputation due to suspension from the firefighter position is granted.

This judgment is, however, quite limited in scope. Plaintiff's Complaint can be read to allege damage to reputation as a result of each of the ten acts of retaliation listed in Count One. (Compl. ¶¶ 36, 38.) Defendants did not move for summary judgment on claims of damage to reputation from any acts of retaliation outside of the suspension, and these claims survive this motion for summary judgment.

    B.    <u>Count One: the remainder</u>

In their moving brief, Defendants seek summary judgment on all claims in the Complaint, but their brief overlooks the central issue in Count One: retaliation, alleged to have occurred in ten categories of conduct. Defendants' reply brief implicitly acknowledges their oversight, as they belatedly attempt to argue for summary judgment on the retaliation claims as well. (Defs.' Reply Br. 3, 8-9.) Defendants argue that Plaintiff never pled a retaliation claim, but this is

10

contradicted by the plain language of the Complaint.  (Compl. ¶¶ 35, 36.)  This Court will not accept the arguments for summary judgment on the retaliation claims offered for the first time in the reply brief, as they were not properly asserted in the moving brief and Plaintiff has not had the opportunity to respond to them.  Laborers' Int'l Union v. Foster Wheeler Corp., 26 F.3d 375, 398 (3d Cir. 1994) ("An issue is waived unless a party raises it in its opening brief.")

While the rulings in this Opinion may well impact the retaliation claims, the parties have not engaged in the analysis needed to determine how those claims have been affected, and this Court cannot address this question until they do so.  Thus, while summary judgment is granted in Defendants' favor on Count One in part, no motion has been made as to the retaliation claims and they survive this motion.

In the opposition brief, Plaintiff raises the issues of the alleged removal of the political signs, and his exclusion from a political function at the recreation center, which Defendants briefly debate in their reply brief.  The political sign removal is listed in Count One as an act of retaliation, but the recreation center incident does not appear to be present in the Complaint.  Again, this Court will not entertain arguments as to claims for which Defendants have made no motion, and which are thus not properly before the Court.

    C.    Count Two

Count Two of the Complaint generally alleges that Defendants conspired to obstruct justice.  Count Two has no reference to any specific allegations, nor does Plaintiff allege specific facts about any conspiracy to obstruct justice in the factual allegations section of the Complaint.  Plaintiff's Counterstatement of Material Facts makes no reference to any conspiracy to obstruct justice.

11

Defendants have construed Count Two as a claim for conspiracy to prevent witness testimony in state court, pursuant to 42 U.S.C. § 1985(2). This is reasonable, as the language of Count Two does generally track the language of § 1985(2). Defendants move for summary judgment, again contending that Plaintiff has no evidence of any conspiracy. In his opposition brief, Plaintiff does not specifically address this motion, Count Two, or any conspiracy to obstruct justice.

Defendants have demonstrated that there is no genuine issue as to any material fact and that they are entitled to a judgment as a matter of law on Count Two. Defendants' motion for summary judgment on Count Two is granted.

D.      Count Four

Count Four of the Complaint alleges that Defendant's acts of retaliation against him violated CEPA. Defendants move for summary judgment on several grounds, the simplest of which observes that Plaintiff was not an employee of any Defendant. CEPA governs retaliatory action taken by employers against employees. N.J. Stat. Ann. § 34:19-3. CEPA defines an employee as "any individual who performs services for and under the control and direction of an employer for wages or other remuneration." N.J. Stat. Ann. § 34:19-2(b). Plaintiff does not even allege that he performed services for any Defendant for wages or other remuneration. Nor does Plaintiff's opposition brief address the issue of the motion for summary judgment on the CEPA claim. Defendants have not violated Plaintiff's rights under CEPA.

Defendants have demonstrated that there is no genuine issue as to any material fact and that they are entitled to a judgment as a matter of law on Count Four. Defendants' motion for summary judgment on Count Four is granted.

## **CONCLUSION**

For Counts Two and Four of the Complaint, and Count One in part, Defendants have demonstrated that "there is no genuine issue as to any material fact and that [they are] entitled to a judgment as a matter of law."  FED. R. CIV. P. 56(c).  Defendants' motion for summary judgment is granted in its entirety.  Judgment is entered in Defendants' favor on Count One in part (excepting the claims for retaliation), and Counts Two and Four of the Complaint.

    S/Joseph A. Greenaway, Jr.
JOSEPH A. GREENAWAY, JR., U.S.D.J.

Dated: July 24, 2006